UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN ROSEDALE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7952** |
| **FIDELITY NATIONAL PROPERTY AND CASUALTY COMPANY** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Fidelity National Property and Casualty Company's motion for summary judgment is **GRANTED**. (Document #12.)

### I. BACKGROUND

Fidelity National Property and Casualty Company (Fidelity), a "Write-Your-Own Program" carrier, issued a Standard Flood Insurance Policy (SFIP) to Brian and Bridgett Rosedale (the Rosedales) for their home at 1822 South Rendon Street, New Orleans, Louisiana. The policy limit is $188,000 for the building, and there is no coverage for contents.

The Rosedales' property suffered damage due to flood as a result of Hurricane Katrina, and they filed a claim under the flood policy. Fidelity assigned an adjuster to the claim, and the adjuster determined that the value of the claim for damage to the building is $104,474.29. The Rosedales agreed to accept payment in that amount for a portion of the residence, but filed a

supplemental claim for $26,780, the cost of leveling the home's foundation, and $21,600, the cost of replacing the garage. The adjuster retained Rimkus Consulting, who opined that the movement of the foundation was not caused by Hurricane Katrina. Fidelity denied the supplemental claim for benefits on June 7, 2006.[1]

The Rosedales filed a petition for damages in Civil District Court, Parish of Orleans, against Fidelity for failure to pay the supplemental claim. Fidelity removed the case to federal court based on federal question jurisdiction. Fidelity filed a motion for summary judgment.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v.

---

[1] Fidelity advised that, based on the engineer's report, the structural and foundation damage was caused by long-term differential foundation movement, dry-rotted foundation framing, and suspected termite infestation. Plaintiff's exh. B. According to Section V. EXCLUSIONS, settlement is not covered under the policy. The letter of denial of the claim does not mention damage to the garage.

Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B. Proof of loss**

Fidelity argues that the Rosedales did not file a proof of loss to support their claim for further federal benefits under the flood insurance policy within the extended deadline of one year from the date of loss. Fidelity contends that the waiver of the proof of loss requirement issued by FEMA on August 31, 2005 is a limited waiver to avoid undue hardship if the policyholder agrees with the insurer's adjustment. However, the waiver does not relieve the Rosedales of the obligation to submit the proof of loss because they disagree with Fidelity's adjustment or settlement of the claim.

Generally, SFIP policies require an insured asserting a claim to file a proof of loss within 60 days, stating the amount claimed under the policy. SFIP, ¶ VII(J)(4). Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, the Federal Emergency Management Agency (FEMA) waived the requirement to file a proof of loss prior to receiving insurance proceeds. Defendant's exh. A. Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report. Id. If the insured disagreed with the adjuster's report, a proof of loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. . . . The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim."

Id. Under 44 C.F.R. Pt. 61, App. A, Art. VII(J)(4), the proof of loss must state the amount of

3

loss, furnish certain information about the loss, and be signed and sworn to by the insured.

The Rosedales contend that they have substantially complied with the requirements of filing a proof of loss under Article VII(J)(4)a-i by submitting the information to Fidelity and its adjuster.[2] They argue that the only element that they have not satisfied is the requirement that the proof of loss be signed and sworn. The Rosedales further contend that Fidelity processed their claim as a proof of loss, denied the claim, and instructed them to sue in federal court in a letter of June 7, 2006.

Provisions of the SFIP must be strictly construed and enforced. See Forman v. FEMA, 138 F.3d 543, 545 (5th Cir. 1998). Because payments awarded under a flood insurance policy are a direct charge on the treasury made under the Appropriations Clause of the Constitution, Art. I, § 9, cl. 7, a claimant must follow regulatory requirements in filing a proof of loss. See id..

---

[2] 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4) provides:
Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
a. The date and time of loss;
b. A brief explanation of how the loss happened;
c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
d. Details of any other insurance that may cover the loss;
e. Changes in title or occupancy of the covered property during the term of the policy;
f. Specifications of damaged buildings and detailed repair estimates;
g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
h. Details about who occupied any insured building at the time of the loss and for what purpose; and
i. The inventory of damaged personal property described in J.3. above.

Courts have strictly enforced the requirement to file a timely proof of loss, holding that failure to timely file a proof of loss in compliance with regulatory requirements is a valid basis for denying a claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 387 (5th Cir. 2005).  "[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of [a] regulation, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury."  OPM v. Richmond, 110 S.Ct. 2464, 2469 (1990) (internal quotation omitted).  "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."  Wright, 415 F.3d at 388.

   The Rosedales present Brian's affidavit that he presented information required in subsections Article VII(J)(4)a-i to Fidelity before filing suit.  Brian does not specifically state what form the information took and when they presented it to Fidelity.  The Roseldales do not dispute that the information they provided was not signed and sworn  However, Brian states in the affidavit that he was not advised that he had to sign a document under oath in order to meet the requirements and that he was under the impression that his only course of action was to pursue the matter in court.

   The court concludes that the Rosedales have not carried their burden of putting forth evidence that they complied with the requirements of a proof of loss by presenting a sworn and signed statement of the loss.  "[I]t is not sufficient to show that they substantially complied or that the insurer suffered no prejudice."  See Mancini v. Redland Ins. Co., 248 F.3d 729, 734 (8th Cir. 2001)  The Rosedales "must show actual and complete compliance" with all of the

5

requirements.  Id. (citing Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998) (the theory of substantial compliance with the proof of loss requirement is inapplicable)).  The Rosedales have an obligation to familiarize themselves with the requirements to receive such funds, and it is the duty of the court to strictly enforce the regulatory requirements for charging the public treasury.

Accordingly, there are no disputed issues of material fact, and Fidelity is entitled to judgment as a matter of law.

New Orleans, Louisiana, this  1st  day of November, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**